Frances Henson OVERMAN

v.

Ralph T. OVERMAN, Sr.

Civ. No. 3–76–13.

United States District Court,
E. D. Tennessee, N. D.

Feb. 25, 1976.

Frances Henson Overman, pro se.

Gullett, Steele, Sanford, Robinson & Merritt, Nashville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This action was originally filed by plaintiff in the Chancery Court of Anderson County, Tennessee against her former husband, Ralph T. Overman, for enforcement of an alimony decree previously entered by that Court. An execution was levied upon the goods, chattels and real property of defendant, and Teachers' Insurance and Annuity Association and College Retirement and Equities Fund were summoned as garnishees pursuant to T.C.A. § 26–501 (Supp.1974).

Teachers' Insurance and Annuity Association and College Retirement and Equities Fund, both of whom are citizens of the State of New York, removed the action to this Court under 28 U.S.C. § 1441. Plaintiff, who is not represented by counsel, has not opposed the removal. The Court has examined the record, however, and is satisfied that it does not have subject matter jurisdiction. It therefore becomes the Court's duty to notice want of jurisdiction on its own motion. *E. g., Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908); F.R.C.P. 12(h)(3); 28 U.S.C. § 1447(c).

■ It has long been settled that the term "civil action" as used in 28 U.S.C. § 1441 does not embrace proceedings that are supplementary or incidental to another action. *E. g., 1A Moore's Federal Practice* ¶ 0.157[4.–11], at 86 and cases cited therein. The rule applicable to the present case has been stated by Professor Moore as follows:

> "Where garnishment proceedings are first instituted after rendition of judgment, in aid of execution, the garnishee's right to remove depends upon whether the garnishment action is an independent suit, since for removal purposes an action must be independent, not supplementary." *Id.,* ¶ 0.167[12.–3), at 428 (1974)

Therefore, if the garnishment proceeding removed to this Court is an appendage of another suit rather than an independent action, it must be remanded to the state court.

The majority of courts have held that, under *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the question of whether a garnishment proceeding is a supplementary or independent action must be resolved by looking to the construction that the state has placed on its garnishment statute. *E. g., Toney v. Maryland Casualty Co.,* 29 F.Supp. 785 (W.D.Va.1939); *Moore's Federal Practice, supra,* at 429. Other courts have reasoned that the right of removal is a federal question that cannot be controlled by a state's characterization of its garnishment statute. *E. g., Swanson v. Sharp,* 224 F.Supp. 850 (D.Alaska 1963) *aff'd sub nom.* 353 F.2d 12 (9th Cir. 1965); *Moore's Federal Practice, supra,* at 430–31.

■ Whichever line of authority is followed, it seems clear that the Tennessee garnishment statute, T.C.A. § 26–501 *et seq.* (1955), must be viewed as creating a supplementary action. The garnishment statute provides in pertinent part:

> § 26–501. Summons of garnishee— The officer, in whose hands is an unsatisfied execution, may summon, in writing, any person as garnishee, to appear . . . and answer the garnishment.

> § 26–502. Property taken before garnishment—The officer having an execution shall not summon a garnishee, if he can find personal property of the debtor in his county sufficient to satisfy such execution.

■ An examination of these provisions leads to the conclusion that a garnishment proceeding in the State of Tennessee should not be treated as an independent "civil action" for the purposes of 28 U.S.C. § 1441. It is an ancillary proceeding because it must be based upon a valid, unsatisfied judgment and execution. The judgment in the present case was rendered by the state court and the execution was levied by state authorities. The garnishment proceeding is plaintiff's final step in seeking to satisfy the judgment against defendant. It is a supplementary proceeding rather than an independent action.

The state courts have reached the same conclusion in their analysis of the garnishment statute. For example, in *Rowland v. Quarles,* 20 Tenn.App. 470, 100 S.W.2d 991 (1936), the Court stated:

> "A proceeding on execution by garnishment is in the nature of a sequestration of the effects of a debtor, in the hands of his debtor for the payment of his debts.

> "The proceeding against the garnishee is not a distinct suit, but is an incidental proceeding in the original cause for the purpose of obtaining satisfaction of a subsisting judgment against the defendant." 20 Tenn.App. at 473–74, 100 S.W.2d at 993 (citations omitted).

There is also some doubt that the requirements for diversity jurisdiction have been satisfied. Plaintiff and defendant are both citizens of the State of Tennessee. Although the garnishees are both citizens of the State of New York, their status is more akin to that of a stakeholder rather than a defendant.[1] In view of the conclusion reached, however, we need not determine whether diversity of citizenship is lacking.

---

1. One court has realigned the parties on the theory that the interests of the plaintiff and defendant are alike in establishing the garnishee's liability to the defendant. *See Feld-man Insurance Agency v. Brodsky,* 195 F.Supp. 483 (D.Md.1961); Moore's Federal Practice, *supra* at 430 n. 6.

For the foregoing reasons, it is OR-DERED that this action be, and the same hereby is, remanded to the Chancery Court of Anderson County, Tennessee for further proceedings.

Order Accordingly.