JETTIA KELLENBERGER FISCHER, Plaintiff-Appellant, *v.* RONALD LEON KELLENBERGER, Defendant-Appellee.

Third District   No. 79-282

Opinion filed July 11, 1979.

Julian E. Cannell, of Kavanagh, Scully, Sudow, White and Frederick, of Peoria, for appellant.

Daniel W. Hardy, of Peoria, for appellee.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

Jettia Kellenberger Fischer, the plaintiff, is the former spouse of Ronald Leon Kellenberger. They were divorced on January 13, 1970, the decree requiring Kellenberger to pay $25 per week for the support of their child. Thereafter, on September 12, 1973, a judgment was entered against Kellenberger for delinquent child-support payments amounting to $3,088.

On March 7, 1979, the plaintiff filed a citation for supplementary proceedings, based on the judgment of September 12, 1973, directed to Alloys and Virginia Kellenberger, Ronald's parents. The citation requested information concerning the whereabouts of Ronald Kellenberger. His parents, however, entered a special and limited appearance, and a motion to quash the citation, verified by both, stating they had no knowledge of any assets or income of the judgment debtor, that they were not indebted to him, nor did they have any assets of income belonging to him, or in which he may have an interest.

After hearing arguments of counsel, the trial court quashed the citation, finding that the purpose of the citation procedure was to discover assets by reaching persons "who hold or have some interest in property or choses in action belonging to or due the judgment debtor." The plaintiff's motion for reconsideration was denied.

The statute providing for the availability of a supplementary proceeding to discover assets states, in part:

> "A judgment creditor, or his successor in interest when that interest is made to appear of record, is entitled to prosecute supplementary proceedings for the purposes of examining the judgment debtor or any other person to discover assets or income of the debtor not exempt from execution, a deduction order or garnishment, and of compelling the application of non-exempt assets or income discovered toward the payment of the amount due under the judgment. A supplementary proceeding shall be

commenced by the service of a citation issued by the clerk. The procedure for conducting supplemental proceedings shall be prescribed by rules. It is not a prerequisite to the commencement of a supplementary proceeding that an execution has been returned wholly or partly unsatisfied." (Ill. Rev. Stat. 1977, ch. 110, par. 73(1).)

Pursuant to this statute, the Illinois Supreme Court has promulgated a rule of procedure in citation situations with which compliance must be had. That rule provides, in relevant part:

"A supplementary proceeding authorized by Section 73 of the Civil Practice Act may be commenced at any time with respect to a judgment upon which execution may issue. The proceeding may be against the judgment debtor or any third party the judgment creditor believes has property of or is indebted to the judgment debtor." Ill. Rev. Stat. 1977, ch. 110A, par. 277(a).

It is the argument of the plaintiff that the statute allows the prosecution of a supplementary proceeding against "the debtor or any other person," and therefore, the Supreme Court Rule should not be read to limit the scope of the statute. While the language of the rule is "the judgment debtor, or any third party the judgment creditor believes has property of or is indebted to the judgment debtor," the difference has little, if any, significance for the case at bar since the statute requires the purpose of the proceeding to be to discover assets or income of the debtor and to compel the application of discovered assets or income to the satisfaction of the judgment.

The sole purpose of this plaintiff's activity in the lower court was to discover the location of her ex-husband. Such a "fishing expedition" is permissible in a supplementary proceeding, according to the plaintiff. In support of this contention, we are referred, primarily, to two cases.

The first, *Federal Loan Corporation v. Harris* (1974), 17 Ill. App. 3d 49, 308 N.E.2d 125, has no application to the case at bar. It is relied upon for only one, isolated sentence which indicates that the initial citation may be a general "fishing expedition." However, the purpose of this statement is to explain the distinction between the initial citation and a subsequent supplementary proceeding against the same person. It is apparent from a fair reading of this opinion that the First District Appellate Court did not mean to infer that anything goes for the initial citation.

*Oates v. Oates* (1969), 33 App. Div. 2d 133, 306 N.Y.S.2d 108, is the second case. In *Oates* a supplementary proceeding was allowed because the judgment creditor asserted that the witness knew the whereabouts of the judgment debtor and had a joint bank account with the debtor, neither of which the witness specifically denied. While the New York Code was the basis for some parts of our statute providing for the

supplementary proceeding (Ill. Ann. Stat., ch. 110, par. 73, Historical and Practice Notes, at 400 (Smith-Hurd 1968)), the *Oates* opinion points out a fundamental difference, indicating that a creditor in New York need only show he intends to discover some "matter relevant to the satisfaction of the judgment." (*Oates v. Oates* (1969), 33 App. Div. 2d 133, 135, 306 N.Y.S.2d 108, 110.) While the location of the judgment debtor is certainly relevant to the satisfaction of the judgment, it is neither an asset nor income of the debtor of which the witnesses in the instant case have any knowledge.

■■ On the other hand, the Civil Practice Act is to be liberally construed, and even though statutes in derogation of the common law are generally to be strictly construed, this rule of construction does not apply to the Civil Practice Act. (Ill. Rev. Stat. 1977, ch. 110, par. 4.) This admonition applies equally to section 73. Ill. Ann. Stat., ch. 110, par. 73, Historical and Practice Notes, at 400 (Smith-Hurd 1968).

■■ While the discovery of the present location of a judgment debtor is relevant to the satisfaction of a judgment, the statutes of the State of Illinois allow a supplementary proceeding to examine any person with the view of discovering assets or income to be applied to the satisfaction of a judgment. We believe, therefore, the trial court's order quashing the citation must be affirmed.

■■ The appellees have failed to file a brief with this court. While this is unfortunate because the court is deprived of the appellee's reasoning and argument, this court will not act as the appellees' advocate. Merely because the appellees failed to file a brief will not generally justify an automatic reversal by a reviewing court. (*R. W. Horn Wholesale Meats, Inc. v. Lyman* (1977), 49 Ill. App. 3d 379, 364 N.E.2d 384.) A summary reversal is, however, available to the appellate court in the exercise of the judges' discretion. (*Smith v. Lemont Fire Protection District* (1977), 45 Ill. App. 3d 52, 359 N.E.2d 2.) Nevertheless, in the interest of justice, this court has examined the points raised by the appellant and found that an affirmance is required.

Accordingly, the order of the Circuit Court of Peoria County quashing the citation for supplementary proceedings is affirmed.

Affirmed.

BARRY and STENGEL, JJ., concur.