See also Bkrtcy., 11 B.R. 803.

**In re JOHNSON, INC. d/b/a Southwyck Honda, Debtor.**

**HARRY MAY CHEVROLET–CADILLAC, INC., et al., Plaintiffs,**

v.

**Dale JOHNSON, et al., Defendants.**

**Dale JOHNSON, Plaintiff,**

v.

**HARRY MAY CHEVROLET–CADILLAC, INC., Defendant,**

v.

**JOHNSON, INC., Counterdefendant.**

**Bankruptcy Nos. 81–0197, 81–0198. Related Case: 81–00442.**

United States Bankruptcy Court, N. D. Ohio, W. D.

May 29, 1981.

John J. McHugh, III, Thomas S. Zaremba, John M. Carey, Fuller, Henry, Hodge & Snyder, Toledo, Ohio, for Dale Johnson, Danny Johnson and Johnson, Inc.

John W. Hackett, Jr., John N. MacKay, David W. Wicklund, Shumaker, Loop & Kendrick, Toledo, Ohio, for Harry May Chevrolet-Cadillac, Inc.

MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

These causes came to be heard upon Applications of the Debtor-Defendant for Removal of the Civil Actions pending in Lucas County Common Pleas Court, No. CI 80–2461, and in the Monroe County, Michigan Circuit Court, No. 75–4390 CK, upon the asserted grounds that the claims should properly be before this Court pursuant to 28 U.S.C. § 1471(b) and (c). These Applications For Removal will be decided in tandem because they are based upon the same action and final judgment of the Michigan Circuit Court.

## FACTS

The Court makes the following findings of fact:

1.) August 18, 1980, a final judgment was rendered in the case of *Dale Johnson v. Harry May Chevrolet-Cadillac, Inc. v. Johnson, Inc.*, Case No. 75–4390 CK, by the Circuit Court of Monroe County, Michigan. This judgment has been appealed within the Michigan Court system and is now pending a decision.

2.) Plaintiff, Harry May Chevrolet-Cadillac, Inc. (hereafter Harry May), now moves this Court to remand the case for the purpose of permitting the Michigan appeals process to continue.

3.) Harry May and Charles J. Golden, Receiver, filed an Amended Complaint on October 30, 1980, in the Court of Common Pleas of Lucas County, Ohio. Plaintiffs seek to have the State of Ohio give full faith and credit to the Michigan judgment. Plaintiff, Harry May, seeks this determination so that he can pursue collection on that judgment against the Defendants' Ohio property.

4.) The underlying cause of action of the Michigan judgment is based upon a complaint by Dale Johnson against Harry May for sales commissions earned while employed by Harry May, and Harry May's counterclaim of a violation of the Common Law of unfair competition.

5.) March 10, 1981, Johnson, Inc. d/b/a Southwyck Honda filed a Voluntary Petition under Chapter 11 of the Bankruptcy Reform Act of 1978, and remains a Debtor in Possession pursuant to this Court's Order.

6.) March 18, 1981, Debtor-Defendant filed these Applications For Removal pursuant to 28 U.S.C. § 1478.

## STATEMENT OF LAW

The sole question to be resolved is whether the Court should proceed with these cases pursuant to its jurisdictional grant under 28 U.S.C. § 1471(b) and (c), or whether it should abstain and remand the cases back to their respective Courts.

The jurisdictional statute, 28 U.S.C. § 1471(b) and (c) in pertinent part states the following:

"(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

"(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts."

The Court appreciates all the effort which has taken place in both the Michigan and Ohio cases up to this point.

During the hearing on these Applications, the Court heard argument from all parties concerning the jurisdiction of the bankruptcy court over the matters at hand. One case advanced by Counsel for Defendant, Danny Johnson, in support of removal was *Westinghouse Credit Corp. v. Claude S. Yeary, Sr.*, 6 B.R. 567, 3 C.B.C.2d 31 (Bkrtcy.W.D.Va.1980), in which the Court stated the following:

"To insure the expeditious and orderly processing of cases pending in this Court, as well as cases pending elsewhere coming within this Court's jurisdiction, Congress further provided in 28 U.S.C. § 1478 procedure for removal of civil actions pending in other courts. It is well to note that § 1478 is broad and encompassing, excluding only proceedings in the United States Tax Court or civil action by a Government unit to enforce police or regulatory powers. To further implement the Congressional intent to extend the broad jurisdictional authority of the Bankruptcy Court, the Congress further provided in § 1478(b) that an order granting remand or declining to grant remand is not reviewable by appeal or otherwise. This would seem to demonstrate a clear congressional intent, to implement the broad range of jurisdiction and powers

needed in this Court to effectively resolve such disputes."

It further added, "[i]n order to determine whether or not remand should be granted, this Court should only look to the jurisdictional language as to whether or not the matters affecting the action in question 'arise in' or is 'related to' the Debtor proceeding."

Clearly, these cases "relate to" the Debtor proceeding. For in determining the validity of the judgment, under Michigan law, which this Court is quite able to do, there will also be a determination under federal law of the validity and priority of the alleged claims against the Debtor's real property, personal property, and stock ownership, all which are essential to the success of the Chapter 11 reorganization.

As stated in *In re Lafayette Radio Electronics Corp.*, 8 B.R. 973, 3 C.B.C.2d 804, 808, referring to the Supreme Court's Opinion in *Meredith v. City of Winter Haven*, 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9 (1943), "[a]bstention should be exercised only when there are unusual or exceptional circumstances * * * The mere presence of a unique question of fact does not mandate abstention * * * It is not necessary to decide if there is a question of fact or law because * * * the incident of state courts not having yet settled an issue of law is not by itself sufficiently exceptional to warrant abstention."

The issue in Michigan is currently in the Appellate Courts in that State and a decision has not yet been rendered. It is quite possible that a further appeal may be made to the Supreme Court of the State of Michigan and whatever remands might be issued could further require that this case be retried in the State Court of original jurisdiction.

After that resolution, the question as to dischargeability of the claim of Harry May could then be brought before this Court for determination, which possibly would result in a retrial of the entire matter. *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979).

Since it is one of the purposes of the Bankruptcy Code to effectuate a prompt rehabilitation of the debtor-in-possession in a Chapter 11, it could require an inordinately long time for the case to wait for the determination of the Harry May question. This passage of time would be in direct contravention to the spirit of the Act and would, in effect, make the Chapter 11 proceeding unavailable to the Debtor, thus depriving it of its rightful use of the Bankruptcy Code.

For the foregoing reasons, the Court finds that these causes are properly before this Court; the parties will not be prejudiced by the removal of these cases to this Court.

In order to protect the interests of the Debtor in Possession, it is therefore

ORDERED, ADJUDGED, AND DECREED that the causes shall not be remanded to the Michigan Appeals Court or the Lucas County Common Pleas Court, but will appropriately remain with this Court for final resolution of the claims of Harry May Chevrolet-Cadillac, Inc., and Charles J. Golden, Receiver.