JAMES C. GREEN, Plaintiff-Appellee, *v.* ALTON TELEGRAPH PRINTING COMPANY *et al.*, Defendants-Appellants.

Fifth District   No. 80-602

Opinion filed April 7, 1982.

756

Philip W. Tone, David P. Sanders, Dorothy B. Zimbrakos, and Hope R. Sheffield, all of Chicago (Jenner & Block, William Cox, and Charles D. Williamson, of counsel), for appellants.

No brief filed for appellee.

JUSTICE JONES delivered the opinion of the court:

We have before us the motion of plaintiff-appellee, James C. Green (Green), to dismiss the appeal of defendants-appellants, Alton Telegraph Printing Company (Alton Telegraph), Joseph Melosi and William Lhotka.

The subject appeal is that of Alton Telegraph, Joseph Melosi and William Lhotka from a $9.2 million judgment for libel entered against

them in the circuit court of Madison County. The basis of Green's motion to dismiss the appeal is that this court lacks jurisdiction to hear the appeal because the case, including the appeal, was removed in its entirety to the United States Bankruptcy Court for the Southern District of Illinois when the Alton Telegraph filed a petition for chapter 11 relief (see 11 U.S.C. §101 *et seq.* (1979 Supp.)) in that court. We also consider a motion of defendant Alton Telegraph occasioned by an order of the bankruptcy court. In that order the bankruptcy court stated that it lacked jurisdiction over the appeal from the judgment of the circuit court in the instant case but that in the event any reviewing court should determine that the bankruptcy court did have such jurisdiction the cause was to be remanded to that court instanter. As a result of that order defendants maintain in this motion that Green may not question this court's continuing jurisdiction over the appeal and have filed a motion for an order requiring Green to file his brief in this court forthwith and for an early oral argument of the case.

After due consideration we find that the entire case, including the appeal, was removed to the bankruptcy court and that the order of remand of the bankruptcy court was insufficient to revest this court with jurisdiction of the case. We accordingly dismiss the appeal and deny the motion of defendant Alton Telegraph to proceed with the appeal.

Defendants' notice of appeal to this court was timely filed on December 16, 1980, after judgment was entered for plaintiff on June 3, 1980, and the post-trial motion was denied. Defendants Alton Telegraph, Melosi and Lhotka, the latter two of whom are former employees of Alton Telegraph, posted no supersedeas bond to stay enforcement of the judgment pending appeal. (See 73 Ill. 2d R. 305.) Defendant Alton Telegraph filed a motion in this court in which it stated that the enormity of the judgment against it made it a practical impossibility for it to post a supersedeas bond that would conform to the requirements of Supreme Court Rule 305. The motion asked for an order fixing a "reasonable" bond that would be realistic under the circumstances and that would serve as a supersedeas pending determination of the case on appeal. Lacking any authority under the rules or interpretative cases to grant the supersedeas relief requested, we denied the motion. The same motion was subsequently presented to our supreme court and was denied.

On April 10, 1981, defendant Alton Telegraph filed a voluntary petition for business reorganization under chapter 11 of the Bankruptcy Reform Act of 1978 (11 U.S.C. §101 *et seq.* (1979 Supp.)) in the Bankruptcy Court for the Southern District of Illinois. Under 11 U.S.C. §362 the petition for reorganization served as an automatic stay of any attempt by judgment creditor Green to enforce the judgment against Alton Telegraph.

On April 13, 1981, plaintiff Green commenced a supplementary judgment-enforcement proceeding against defendant Melosi by having him served with a citation to discover assets pursuant to section 73 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 73). The record before us contains no such citation directed toward either defendants Lhotka or Alton Telegraph. On April 21, 1981, Alton Telegraph, as debtor in the bankruptcy proceeding and as a party in the libel action underlying the supplementary proceeding for enforcement of judgment, thereupon filed an "application for removal of civil action" to bankruptcy court. The petition for removal was filed pursuant to 28 U.S.C. §1478 (1981 Supp.) and Interim Bankruptcy Rule 7004. Under the provisions of that statute and that rule, removal of the case was effective upon the filing of the petition.

On May 28, 1981, Green sought to have Melosi held in contempt for failure to comply with the citation to discover assets. At the time of the filing of the petition for a finding of contempt as to Melosi, Melosi, unlike Alton Telegraph, had not filed a petition for relief with the bankruptcy court and had not joined Alton Telegraph in its April 21, 1981, petition for removal. In response to the May 28, 1981, petition for a finding of contempt as to Melosi, Alton Telegraph, together with Melosi and Lhotka, applied to the bankruptcy court for a temporary restraining order enjoining Green from further enforcement proceedings in the circuit court of Madison County. On June 10, 1981, the bankruptcy court entered the temporary restraining order as requested against Green, and on October 16, 1981, it extended this order to remain in effect indefinitely.

In its October 16, 1981, order the bankruptcy court found:

> "9. The entire state action was removed pursuant to 28 U.S.C. §1478, and there has been no motion to sever and remand the case."

The bankruptcy court further stated:

> "The principle issue facing the Court is whether it should sever and remand a citation to discover assets directed to Joseph Melosi when the underlying debt involved in the citation to discover assets is one in which Joseph Melosi is jointly and severally liable with the debtor. In light of the facts, the Court should not make the severance and remand.
>
> * * *
>
> Under the facts of the present case where the judgment applicable to Joseph Melosi arises out of the same transaction as the judgment applicable to the Alton Telegraph, and there is joint and several liability, it is clear that the state court proceeding could have an effect upon the estate of the Telegraph, and, as such, the entire case should be removed.

In addition, there is no remedy, either legal or equitable, upon which James Green may avail himself that is not available in this Court. *In re Brothers Coal Co., Inc.*, 3 C.B.C.2d 31 (W.D. Va., 1980). If Mr. Green is sincere in his effort in enforcing his judgment against the non-debtors, he may continue his action in this Court, so that this Court can be certain that the estate of the debtor is not affected."

Green's motion in the bankruptcy court to have Alton Telegraph's bankruptcy petition dismissed was denied when that court found that the petition had been filed in good faith.

On October 28, 1981, Green filed the motion under consideration to dismiss defendants' appeal, asserting that removal had been effected not only as to the supplementary proceeding in the circuit court but also as to the appeal pending in this court. Defendants responded by filing objections to Green's motion in this court and a motion in the bankruptcy court requesting that court to supplement its October 16, 1981, order by declaring that the instant appeal had not been removed to bankruptcy court. Defendants' motion to the bankruptcy court presented the alternative request that in the event the instant appeal might be found to have been removed, the bankruptcy court remand the appeal to this court.

On January 22, 1982, the bankruptcy court entered an order which it termed "Order Supplementing Earlier Order," the "earlier order" being that of October 16, 1981. The January 22, 1982, order made these findings:

"8. On or about October 16, 1981, this Court entered an order stating that the state court proceeding had been removed to this Court and that the restraining order that was issued on June 10, 1981, should remain in effect.

9. All that was removed to this Court were the supplementary proceedings that were pending in the Circuit Court of Madison County.

10. The removal of the supplementary proceedings would not have any effect on the appeal."

The order continued with reasoning which supported the court's conclusion that the supplemental proceeding against Melosi was all that had been removed to the bankruptcy court. The order concluded:

"IT IS ORDERED, ADJUDGED AND DECREED that the order of October 16, 1981, be clarified to state explicitly that this Court does not have jurisdiction over the appeal from the judgment of the Circuit Court in [the instant] cause.

IT IS FURTHER ORDERED that to the extent any reviewing court should determine that this Court has jurisdiction over the appeal, the cause is remanded to the state Appellate Court instanter."

On January 29, 1982, Green filed a notice of appeal in United States District Court to challenge the validity of this order. On February 2, 1982, defendants filed a motion requesting this court to proceed with the appeal on the basis of the bankruptcy court's January 22, 1982, order.

To rule on the motions before us we must first determine whether the bankruptcy court could exercise jurisdiction over the entire case, including both the supplementary enforcement proceeding against defendant Melosi and the appeal which was filed in this court. Defendants point out that their application to remove the supplementary proceeding from the circuit court was filed after this court acquired jurisdiction over the appeal by virtue of the filing of the notice of appeal. Under Interim Bankruptcy Rule 7004, removal of an action to bankruptcy court becomes effective immediately upon the filing of the application. Defendants contend that removal was effected only as to the supplementary enforcement proceeding then pending before the circuit court and that jurisdiction of the appeal remains in this court. Their argument is premised upon the special removal statute applicable to bankruptcy cases, which allows for partial removal of "any claim or cause of action" to bankruptcy court. See 28 U.S.C. §1478(a) (1981 Supp.).

The statute governing removal to bankruptcy court, 28 U.S.C. §1478(a) (1981 Supp.) provides in pertinent part:

> "A party may remove any claim or cause of action in a civil action * * * to the bankruptcy court for the district where such civil action is pending, *if the bankruptcy courts have jurisdiction over such claim or cause of action.*" (Emphasis added.)

There seems to be little question that the bankruptcy court can have jurisdiction over both the instant appeal and the supplementary proceeding to enforce the judgment under 28 U.S.C. §1471 (1981 Supp.) which grants bankruptcy courts broad and complete jurisdiction over all proceedings that arise in connection with bankruptcy cases. Subsection (c) of that section provides:

> "The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts." (28 U.S.C. §1471(c) (1981 Supp.).)

Subsection (b) grants district courts

> "original but not exclusive jurisdiction of all civil proceedings arising under title 11 or *arising in* or *related to* cases under title 11." (Emphasis added.) 28 U.S.C. §1471(b) (1981 Supp.).

■■ Subsection (b) has been interpreted as allowing bankruptcy courts to try "virtually any civil case" so long as the relationship test is met. (*In re Straughn* (Bkrtcy. D. Del. 1980), 10 B.R. 28; see *In re Brothers Coal Co.* (Bkrtcy. W.D. Va. 1980), 6 B.R. 567; see also H.R. Rep. No. 95-959, 95th Cong., 2d Sess. 4, reprinted in [1978] U.S. Code Cong. & Ad. News. 5963,

6010.) For example, in *In re U.S. Air Duct Corp.* (Bkrtcy. N.D. N.Y. 1981), 8 B.R. 848, the bankruptcy court found that it had jurisdiction of a State court proceeding to determine what liability a debtor corporation had for employee benefits under a collective bargaining agreement because that proceeding encompassed "claims in the nature of unsecured debts against the Debtor." The court stated:

> "The fundamental question of relation to a case under the Bankruptcy Code is whether the determination of the claims against the Non-Debtor will or will not effect [*sic*] the Debtor's assets and/or liabilities as they existed at the date of the petition and its bankruptcy schedules. The criterion to be adopted in such a situation will undoubtedly be related to a determination of whether the outcome of the proceeding could conceivably have *any effect upon the estate* being administered in bankruptcy." 8 B.R. 848, 851.

It is evident that the libel judgment in this case and its enforcement could potentially affect Alton Telegraph's estate in bankruptcy. The bankruptcy court has noted that the libel judgment is listed by Alton Telegraph as its "largest unsecured creditor," and that

> "* * * the debtor, the Alton Telegraph, is an ongoing and viable business that would not be involved in a Chapter 11 bankruptcy if it were not for the libel judgment obtained by Green, as well as other very substantial libel claims currently pending against it * * *. [I]n light of the judgment held by Green, as well as the other pending libel and defamation claims, the Alton Telegraph is not in sound financial shape at the present time, and is eligible for relief under the Code * * *. If the judgment obtained by Green falls on appeal, the other libel cases may be rendered moot. In light of these facts, it becomes clear that the debtor was forced into filing a Chapter 11 bankruptcy petition in order to preserve its status as an ongoing concern and protect its employees and its creditors while the claims against it are litigated."

Thus, the test of "relation to" seems to be met in this case as it was in *In re Johnson, Inc.* (Bkrtcy. N.D. Ohio 1981), 11 B.R. 805, where the bankruptcy court found that it had jurisdiction over both an appeal pending in the Michigan court system and a suit in Ohio circuit court to enforce the judgment. The court there stated:

> "[I]n determining the validity of the judgment, under Michigan law, which this Court is quite able to do, there will also be a determination under federal law of the validity and priority of the alleged claims against the Debtor's real property, personal property, and stock ownership, all of which are essential to the success of the Chapter 11 reorganization." (11 B.R. 805, 807.)

Since the instant appeal involves a claim in the nature of an unsecured debt against the debtor Alton Telegraph, its determination appears to be well within the jurisdiction of the bankruptcy court under section 1471.

We turn now to the further question of whether removal was effected as to the entire case, including the appeal, or only as to the supplementary proceeding for enforcement of judgment in the circuit court. We find that the supplementary proceeding in question does not constitute a severable "claim or cause of action" within the meaning of 28 U.S.C. §1478(a) (1981 Supp.) and conclude that, by virtue of defendant's removal application, the whole case was removed to bankruptcy court which, as we have already established, could have jurisdiction of it. We think, too, that this is the express finding of the bankruptcy court in its order of October 16, 1981, despite the contradictory expression found in the supplemental order of January 22, 1982.

Partial removal of an action to bankruptcy court is provided for in 28 U.S.C. §1478(a) (1981 Supp.), which, unlike the provision governing removal from State court to Federal district court (28 U.S.C. §1441 (1973)), does not require that the entire action be removed but allows removal of "any claim or cause of action" if a party so elects. (See 1 Collier on Bankruptcy par. 3.01, at 3—62 through 3—71 (15th ed. 1980).) The crucial question is whether the section 73 enforcement proceeding involved comes within the meaning of a "claim or cause of action" which could be severed from the substantive appeal and removed alone.

■■ There has been little case law interpreting the "claim or cause of action" language of section 1478(a). We believe, however, that an analogy can be made to section 1441(c) which contains similar language. That section provides:

> "Whenever a separate and independent *claim or cause of action*, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed * * *." (Emphasis added.) (28 U.S.C. §1441(c) (1973).)

Under section 1441(c), when a plaintiff sues to enforce two or more distinct rights or to redress their invasion, he has as many causes of action. (See *American Fire & Casualty Co. v. Finn* (1951), 341 U.S. 6, 95 L. Ed. 702, 71 S. Ct. 534.) Furthermore, if one claim or cause of action would be removable if sued upon alone but is joined with one or more otherwise nonremovable claims, the entire action is removable. Collier, in his work on bankruptcy cited above, proposes a similar test for determining removability under section 1478(a):

> "The court should look to the precedents under section 1441(c) to determine whether, had the action been pending in state court, it could have been removed to federal district court because one of

the causes of action was a 'separate and independent claim or cause of action'. If the answer is affirmative, then that claim or cause of action may be removed, leaving behind the remaining claims or causes of action, if the parties to the proceeding so elect." Collier, at 3—70.

Keeping in mind this analogy to removal under section 1441(c), we must consider the nature of enforcement proceedings under section 73 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 73). As a general rule, in Illinois a judgment for a sum certain in money is "a good cause of action" that evidences an indebtedness upon which a new action for debt may lie. (*Industrial National Bank v. Shalin* (1947), 330 Ill. App. 498, 72 N.E.2d 52; see 23A Ill. L. & Prac. *Judgments* §511 (1979).) Rather than bring a new action to enforce his judgment, however, a judgment creditor may avail himself of the summary procedure provided by section 73 and Supreme Court Rule 277 (73 Ill. 2d R. 277) in order to obtain satisfaction of the judgment. This proceeding is "supplementary" to the main judgment, being "captioned in the cause in which the judgment was entered." (73 Ill. 2d R. 277(c)(1).) If the main judgment fails on appeal, the right to collect in such proceedings must also fail. *Alsen v. Stoner* (1969), 114 Ill. App. 2d 216, 252 N.E.2d 488.

■■■ It is settled that proceedings which are supplemental or incidental to another action are not subject to removal under section 1441. (*Overman v. Overman* (E.D. Tenn. 1976), 412 F. Supp. 411.) The *Overman* court, in holding that a Tennessee garnishment statute created a supplementary action, quoted the following rule:

" 'Where garnishment proceedings are first instituted after rendition of judgment, in aid of execution, the garnishee's right to remove depends upon whether the garnishment action is an independent suit, since for removal purposes an action must be independent, not supplementary. [1A Moore's Federal Practice 428 (1974)].' " (412 F. Supp. 411, 412.)

The section 73 proceeding in question here, like the garnishment proceeding in *Overman*, is "an ancillary proceeding because it must be based upon a valid, unsatisfied judgment * * *." (412 F. Supp. 411, 412.) " '[It] is not a distinct suit, but is an incidental proceeding in the original cause for the purpose of obtaining satisfaction of a subsisting judgment against the defendant.' " (412 F. Supp. 411, 412.) A citation under section 73 does not constitute a separate "claim or cause of action." Rather, it is a discovery proceeding whereby a creditor is allowed "to examine any person with the view of discovering assets or income to be applied to the satisfaction of a judgment." (*Fischer v. Kellenberger* (1979), 73 Ill. App. 3d 550, 553, 392 N.E.2d 733, 735.) Since the supplementary proceeding does not constitute a "separate and independent cause of action which would

be removable if sued upon alone" for purposes of section 1441(c), it follows by analogy that it could not be severed from the appeal in this case and removed to bankruptcy court alone pursuant to section 1478(a).

In light of our finding that the supplementary proceeding could not be removed to bankruptcy court alone, it is necessary to determine whether Alton Telegraph's removal application was effective to remove the whole case, including the appeal then pending in this court, to bankruptcy court. Alton Telegraph points out that at the time the April 21, 1981, application was filed, seeking removal of the suit "brought before the circuit court," the circuit court had lost jurisdiction over the merits of the case because its notice of appeal to this court had been filed. However, this is not determinative since, as the court stated in *In re Tidwell* (Bkrtcy. N.D. Tex. 1980), 4 B.R. 100, 101:

> "The bankruptcy removal statute, 28 U.S.C. §1478, is a federal statute and federal law governs its interpretation. State procedural provisions cannot control removal privileges granted by federal statute. [Citation.]"

The *Tidwell* court rejected defendants' argument in that case that at the time removal was effected no jurisdiction existed to authorize removal because the trial court had rendered judgment.

■■ Alton Telegraph's application for removal indicates that removal was effected as to the whole case, as it refers to the case of James Green v. Alton Telegraph Printing Company, a Corporation, Joseph Melosi and William Lhotka, No. 77-L-66, which is the caption for both the substantive libel action, on appeal, and the supplementary proceeding to discover assets. The application does not describe the supplementary proceeding against Melosi, nor is the citation to discover assets attached to the application. Rather, the cause to be removed is described as that which "seeks money damages against the debtor," and a complaint and answer in the original action are attached to the removal application. Because an appeal is not a new and separate proceeding but is rather a "continuation of the [trial court] proceeding" (73 Ill. 2d R. 301; see *Swain v. Hoberg* (1942), 380 Ill. 442, 44 N.E.2d 38), Alton Telegraph's application was effective to remove the appeal as well as the supplementary proceeding to bankruptcy court. *Cf. In re Johnson*, where a removal application concerning claims pending in circuit court was sufficient to effect removal as to an appeal instituted in State court prior to removal.

The parties' actions in seeking removal and subsequent rulings by the bankruptcy court lend support to our conclusion that the entire case was removed to bankruptcy court. Although Alton Telegraph was not a party to the supplementary enforcement proceeding which was directed against Melosi alone, it was allowed to remove the action due to its status as a "party" in the underlying libel action. (Under section 1478(a), only a

"party" may remove a claim or cause of action to bankruptcy court.) The bankruptcy court accordingly noted in its order of October 16, 1981, that the "entire state action was removed" and refused to remand the citation directed to Melosi alone on the basis that the claims against Alton Telegraph and the individual defendants were so interrelated that severance would not be equitable. We believe this demonstrates the overall inclusiveness of the action not only as to Alton Telegraph and the individual defendants but also as to the libel judgment on appeal and the enforcement proceeding in circuit court. By virtue of Alton Telegraph's application as petitioner in bankruptcy court, the entire action, and not just the portion directed toward an individual defendant, was removed to bankruptcy court.

In their motion to proceed with the appeal in this court, defendants rely upon the bankruptcy court's January 22, 1982, supplemental order in which it found that only the supplementary proceeding was removed to that court and that the removal of the supplementary proceeding had no effect on the appeal. As outlined above, our analysis of the applicable removal statute leads us to a contrary conclusion. However, in ruling on the motions before us, it is necessary to consider the second part of the bankruptcy court's supplemental order of January 22, 1982, in which it states that "to the extent any reviewing court should determine that this Court has jurisdiction over the appeal, the cause is remanded to the State Appellate court instanter."

■■ The power of the bankruptcy court to remand part of a case which has been removed to it is governed by 28 U.S.C. §1478(b) (1981 Supp.), which states in pertinent part:

> "The court to which such claim or cause of action is removed may remand such *claim or cause of action* on any equitable ground." (Emphasis added.)

Subsection 1478(b), like the section governing partial removal to bankruptcy court which precedes it (see 28 U.S.C. §1478(a) (1981 Supp.)), contains the "claim or cause of action" requirement. Because the appeal cannot be severed and, therefore, remanded alone, we find the bankruptcy court's order to be ineffective to revest this court with jurisdiction over the appeal.

The bankruptcy court cannot remand the case piecemeal. This case involves no severable "claim or cause of action." Therefore, the entire case, including the supplementary proceeding and the original judgment, must be remanded before this court can be revested with jurisdiction over the appeal. Without remandment of the judgment, the appellate court cannot acquire jurisdiction to proceed since it is the judgment that forms the basis and the subject matter of the appeal. If the judgment is not in this court, this court cannot hear the case.

We note in conclusion that an opposite holding to that we have reached would allow the defendant in this case to subvert the procedural rules governing the enforcement of judgments pending appeal in Illinois, as Alton Telegraph bluntly admits it has endeavored to do.

■■ Under Supreme Court Rule 305 (73 Ill. 2d R. 305), an appellant may obtain a stay of enforcement of the judgment against him by posting a bond with the court to secure the appellee during pendency of the appeal. Defendants state in their brief that due to the enormity of the judgment against them, they were unable to post an appeal bond and that Alton Telegraph filed the petition in bankruptcy court "as the sole remaining means of preserving its assets and business while pursuing its right to appeal." Both this court and the supreme court found it necessary to deny Alton Telegraph's request that an exception be made to the supersedeas bond requirements of Supreme Court Rule 305. Alton Telegraph then sought the protection of the bankruptcy court. Although Alton Telegraph's petition for reorganization pursuant to section 11 undoubtedly had the desired effect of staying enforcement against Alton Telegraph due to the automatic stay provision of 11 U.S.C. §362, Alton Telegraph also sought removal of the action to bankruptcy court. The logical result of defendants' argument that only the enforcement proceeding against Melosi was removed is that judgment would be stayed as to Melosi despite the fact that he neither complied with the bond requirements of Supreme Court Rule 305 nor qualified for the automatic stay under section 362 of title 11 U.S.C. Defendants would thus be able to continue litigating in this court while preventing Green from enforcing his judgment as he is entitled to do absent a stay under Supreme Court Rule 305 or section 362 of title 11 U.S.C. Defendants have sought the protection of the bankruptcy court by removing their action to that court and have accepted the benefits of removal. By doing so they have given up their right to continue with the appeal in this court.

■■ Because the administration of Alton Telegraph's estate in bankruptcy court is dependent upon whether the libel judgment obtained by Green is allowed to stand, it is evident that the ultimate determination of the matter will have to be made by the bankruptcy court rather than by this court. The situation here is similar to that in *In re Johnson*, where the bankruptcy court, in considering whether to remand a case which had been removed to its jurisdiction, stated:

> "The issue * * * is currently in the [State appellate courts] * * * and a decision has not yet been rendered. It is quite possible that a further appeal may be made to the Supreme Court of [that State] and whatever remands might be issued could further require that this case be retried in the State Court of original jurisdiction.
>
> After that resolution, the question as to dischargeability of the

claim * * * could then be brought before this Court for determination, which possibly would result in a retrial of the entire matter. [Citation.]

Since it is one of the purposes of the Bankruptcy Code to effectuate a prompt rehabilitation of the debtor-in-possession in a Chapter 11, it could require an inordinately long time for the case to wait for the determination of the [question at issue in the State court proceeding]. This passage of time would be in direct contravention to the spirit of the Act and would, in effect, make the Chapter 11 proceeding unavailable to the Debtor, thus depriving it of its rightful use of the Bankruptcy Code." (11 B.R. 805, 807.)

Our holding that the entire action was removed to bankruptcy court will likewise further the goal of providing expeditious relief for the debtor in bankruptcy. (See *In re Hurt* (Bkrtcy. N.D. Ga. 1981), 9 B.R. 749.) Because jurisdiction of the appeal has been removed to bankruptcy court, we accordingly grant plaintiff Green's motion to dismiss the appeal for lack of jurisdiction in this court.

Appeal dismissed from this court.

KASSERMAN and PEARMAN, JJ., concur.