LEO BRIGANDO, Plaintiff-Appellee, v. REPUBLIC STEEL CORPORA-TION, Defendant and Third-Party Plaintiff (Hunter Corporation, Third-Party Defendant-Appellant).

First District (1st Division) No. 1—87—3851

Opinion filed March 13, 1989.—Rehearing denied April 4, 1989.

Lord, Bissell & Brook, of Chicago (William T. Weaver, Hugh C. Griffin, and Diane I. Jennings, of counsel), for appellant.

Balkin & Doran, Ltd., of Chicago (Philip H. Doran, Mark G. Adler, and Michael W. Rathsack, of counsel), for appellee.

JUSTICE QUINLAN delivered the opinion of the court:

The plaintiff, Leo Brigando, an employee of the Hunter Corporation (Hunter), was injured while repairing a crane at the Chicago

plant of Republic Steel Corporation (Republic). Brigando sued Republic in the circuit court of Cook County alleging negligence and violations of the Structural Work Act (see Ill. Rev. Stat. 1987, ch. 48, par. 60 *et seq.*). Republic, in turn, filed a third-party claim against Hunter, asserting a claim based upon theories of indemnity, contribution, and breach of contract. When Brigando's suit against Republic was apparently settled by an agreement of Republic, Hunter and Brigando, the trial court, on the basis of the purported settlement, dismissed Brigando's suit and Republic's third-party claim against Hunter. Pursuant to this purported settlement, Republic had agreed to pay Brigando $25,000 and Hunter had agreed to pay Brigando $100,000. One week later, Republic filed for bankruptcy. Thereafter, Brigando filed a motion to vacate the dismissal and reinstate its suit. Later, however, Brigando agreed to accept $10 as payment in full, under the purported settlement, from Republic. After Brigando accepted $10 from Republic, Hunter refused to pay its portion, $100,000, when payment was demanded from Brigando. Subsequently, the trial court, on plaintiff's motion, ordered "enforcement" of the dismissal order, and, specifically, ordered Hunter to abide by the oral settlement agreement and pay Brigando $100,000. Hunter has now appealed.

The particular facts underlying the Brigando lawsuit are as follows. Republic hired Hunter to repair a crane at its Chicago plant. Hunter sent its employee, Brigando, to Republic's Chicago plant to repair the crane, and, on July 23, 1977, while performing that job, Brigando fell from a scaffold and was injured. Brigando sued Republic to recover for his injuries, and Republic, in turn, as noted, filed a third-party claim against Brigando's employer, Hunter. Brigando, Republic and Hunter reached an oral settlement agreement during the pretrial phase of the case, under which Republic agreed to pay Brigando $25,000, and Hunter agreed to pay Brigando $100,000 and waive its workers' compensation lien. These basic terms are undisputed, although the agreement was not reduced to writing. The dispute, which will be discussed in detail later, centered around the question of whether Hunter's payment of $100,000 was conditioned upon Republic's payment of $25,000 to Brigando.

Based upon the settlement by the parties, the claims were dismissed with prejudice on July 10, 1986. The trial court's order of July 10, 1986, was a form dismissal order which consisted only of generalized language and stated as follows:

> "This cause coming to be heard upon the regular call of cases for pre-trial, and it appearing to the court that the said cause has been settled by agreement of the parties.

IT IS HEREBY ORDERED, adjudged and decreed that the above entitled cause be and the same is hereby dismissed with prejudice—and without costs."

One week later, on July 17, 1986, Republic filed a petition for reorganization in Federal bankruptcy court, and, because of Republic's filing, on July 18, 1986, Brigando brought a motion in the trial court requesting that the court vacate its order of July 10, 1986. Hunter did not object to this motion, and a hearing date on the motion was set for May 11, 1987.

On April 3, 1987, however, Brigando sent out notice of another motion, in which he requested that the court enter an order "enforcing" the order of July 10, 1986. Brigando presented the so-called motion to enforce to the court on May 11, 1987. Attached to Brigando's motion to enforce was his signed release, in which he agreed to release Republic from liability in exchange for Republic's payment of $10 and to release Hunter in exchange for both Hunter's payment of $100,000 and Hunter's waiver of its workers' compensation lien. Apparently to clarify the inconsistency of his prior motions to vacate and enforce the order, Brigando subsequently filed a single consolidated motion in which he requested that the court enforce the July 10, 1986, dismissal order, or, in the alternative, vacate the July 10 dismissal order and reinstate the case.

On June 23, 1987, the trial court held a hearing on Brigando's consolidated motion. The record reveals that, at the hearing, the court found that there had been no revision or modification of the terms of the oral settlement agreement as they applied to Hunter and then, based on that finding, entered an order stating that its prior order of July 10, 1986, should, accordingly, be "enforced" against the parties. In conjunction with this ruling, the court also denied Brigando's motion to vacate the order of July 10, 1986.

Subsequent to this ruling, Brigando filed a second motion to enforce the dismissal order of July 10, 1986, since Hunter still refused to pay Brigando. On November 17, 1987, the court held a hearing on this second motion to enforce and, at the hearing, Hunter argued that it had not paid Brigando because the court's prior order of June 23, 1987, did not specifically order it to pay Brigando, and in fact did not order it to do anything. The court disagreed with Hunter and found that since the terms of the July 10, 1986, agreement were undisputed, Hunter unequivocally agreed to pay Brigando $100,000, and Hunter's payment to Brigando was not contingent upon Republic's payment of $25,000. Therefore, the court again ordered that the July 10, 1986, order be enforced, but this time, in contrast to the court's prior order

of enforcement, it specifically directed Hunter to pay Brigando $100,000 and waive its workers' compensation lien. It is from this second order of enforcement, entered on November 17, 1987, as well as the court's prior order of enforcement, entered June 23, 1987, that Hunter appeals.

Three issues are raised by Hunter on appeal: (1) whether the trial court had jurisdiction to enter the orders of June 23, 1987, and November 17, 1987, which attempted to enforce the July 10, 1986, dismissal order; (2) whether the trial court erred when it ordered enforcement of the settlement agreement and ordered Hunter to pay Brigando $100,000 and waive its workers' compensation lien; and (3) whether the oral settlement agreement should have been rescinded because there was a mutual mistake of fact regarding Republic's solvency.

The first issue raised by Hunter contests the jurisdiction of the trial court to enter its orders of enforcement of June 23, 1987, and November 17, 1987. Hunter argues that the trial court did not have jurisdiction to order Hunter to pay the $100,000 settlement amount because the July 10, 1986, order was merely a dismissal order and nothing else. Hunter contends that Brigando's motion was an attempt to have the court enforce the modified terms of the settlement agreement. Hence, Hunter argues that Brigando was actually requesting that the court modify its original order more than 30 days after the July 10, 1986, dismissal order was entered. Consequently, Hunter asserts that since the July 10 order was a final order and 30 days had passed since its entry, the trial court no longer had jurisdiction to change it to include the alleged terms of the settlement. Moreover, Hunter notes that the terms of the agreement were, in any event, disputed because its agreement to pay Brigando $100,000 and waive its lien was conditional upon Republic's agreement to pay $25,000 to Brigando.

Brigando, on the other hand, argues that a court has inherent power to enforce its own orders and that the court here properly enforced its previous order of July 10, 1986, when it required Hunter to pay the $100,000, for that requirement was part of an undisputed oral settlement agreement encompassed in the July 10, 1986, order. The court's orders of enforcement were jurisdictionally proper, Brigando asserts, because there were no revisions or amendments to the July 10, 1986, order and the parties never disputed the fact that before Republic filed for bankruptcy, Hunter had agreed, unconditionally, to pay $100,000 and waive its lien in exchange for Brigando dropping his lawsuit.

■ Generally, a trial court retains jurisdiction over cases pending before it until such time as a final judgment is entered in the case and the litigation is effectively terminated between the parties in the trial court. The court does, however, have a 30-day period after the entry of a final judgment within which it may hear post-trial motions or other motions, and at the end of this 30-day period, the judgment becomes "final" in the sense that, when the 30-day period expires, the court loses its jurisdiction to alter its judgment orders. (See *Midwest Bank & Trust Co. v. Village of Lakewood* (1983), 113 Ill. App. 3d 962, 968, 447 N.E.2d 1358, 1361-62.) Thus, 30 days after the entry of a final judgment, a trial court loses jurisdiction to amend, modify, rehear, retry, vacate, or grant other relief of a similar nature from the final judgment order. (See Ill. Rev. Stat. 1987, ch. 110, pars. 2—1202, 2—1203; *Midwest Bank & Trust Co.* (1983), 113 Ill. App. 3d 962, 968, 447 N.E.2d 1358, 1362.) There is, however, a procedure under section 2—1401 of the Code of Civil Procedure in which a party has up to two years after the 30-day period has lapsed to petition the court for relief from the judgment, *i.e.*, to set aside the judgment, but this petition must be based upon matters not of record. Ill. Rev. Stat. 1987, ch. 110, par. 2—1401.

■ In some limited circumstances, a trial court may retain jurisdiction to enforce its own orders after the 30-day time period has lapsed. For example, in *Comet Casualty Co. v. Schneider* (1981), 98 Ill. App. 3d 786, 424 N.E.2d 911, where the trial court entered a consent judgment, *i.e.*, a judgment consented to by all of the parties and which is also approved and entered by the trial court, the court had jurisdiction after the 30-day period had lapsed to order the continuing performance of certain specific acts by the parties, which had been included as part of the consent judgment entered by the court. (*Comet*, 98 Ill. App. 3d 786, 424 N.E.2d 911.) A trial court may also, at times, retain jurisdiction to enforce its order after the lapse of the 30-day period where the judgment contemplates or orders future performance by the parties. (See, *e.g.*, *Village of Gilberts v. Holiday Park Corp.* (1986), 150 Ill. App. 3d 932, 502 N.E.2d 378 (issuance of permits); *Adam-Martin Construction Co. v. Brandon Partnership* (1985), 135 Ill. App. 3d 324, 481 N.E.2d 962 (set off of arbitration award).) This is not, however, the usual case if a money judgment is entered by the court. See generally *Green v. Alton Telegraph Printing Co.* (1982), 107 Ill. App. 3d 755, 763, 438 N.E.2d 203, 208.

In order to determine if the court here had jurisdiction to enter the orders of June 23, 1987, and November 17, 1987, we must examine the scope of the July 10, 1986, order. Hunter, as noted, contends

that the scope of the order was limited to the dismissal of the claims of the parties, and Brigando argues that the scope of the order included the undisputed terms of the settlement agreement referred to in the order. We agree with Hunter that the scope of the order here was limited solely to the dismissal of the claims of the parties and did not include any terms of the alleged oral settlement agreement.

 It is clear that the trial court's order of July 10, 1986, was only an order of dismissal, and, accordingly, 30 days after the entry of the dismissal order, the trial court's jurisdiction over the matter ended. There were no special circumstances present here which could have extended the court's jurisdiction to "enforce" the order, for the order did not direct or enjoin activity, it merely dismissed the case.[1] Brigando's contention that the terms of the oral agreement were inherently a part of the trial court's order is without basis. The case was dismissed, and the trial court merely noted that the reason for the dismissal was the purported agreement of the parties to settle the matter outside of court. Therefore, the purpose of the order of July 10, 1986, was merely to dispose of the litigation between the parties, and nothing in that order or in the record suggests that the court intended to do otherwise. Additionally, it is quite clear that the trial court was never asked to entertain a consent or stipulated judgment for Brigando in the case. Moreover, Brigando could have asked to move to amend, clarify, modify or vacate the dismissal order within 30 days, and although Brigando did move to vacate the dismissal order within 30 days, he did not pursue this motion and it was eventually denied, and the order denying Brigando's motion to vacate the dismissal order has not been appealed. Brigando here chose instead to file and pursue a "motion to enforce" after the 30-day period had expired, but, as noted, by this time the trial court had no jurisdiction to

---

[1]Hence, even if we were to find that the court had retained jurisdiction in this instance, the court's order to "enforce" was improper in any event, for it is not within the scope of the trial court's authority in such a situation to "order" a defendant to pay the plaintiff damages, as the trial court here attempted to do. The proper procedure in a case such as this, where the court enters a dismissal order based on an oral settlement, and the defendant refuses to pay, is for the plaintiff to file a lawsuit to enforce the terms of the oral settlement, which is essentially a suit for breach of oral contract. (See *Fishburn v. Barker* (1988), 165 Ill. App. 3d 229, 518 N.E.2d 1054; *Zamouski v. Gerrard* (1971), 1 Ill. App. 3d 890, 275 N.E.2d 429.) Some courts have allowed trial courts to "enforce" settlement agreements where the case was still pending before it (*McAllister v. Hayes* (1988), 165 Ill. App. 3d 426, 519 N.E.2d 71; *Sheffield Poly-Glaz, Inc. v. Humboldt Glass* (1976), 42 Ill. App. 3d 865, 356 N.E.2d 837), but that was not possible here since the case had been previously dismissed by the trial court and was not pending when Brigando sought to enforce the judgment.

enter any "orders of enforcement," nor did it have jurisdiction to modify, alter or amend its dismissal order.

Since we find that the trial court did not have jurisdiction to order enforcement of the alleged oral settlement agreement, we need not address the other issues raised on appeal by Hunter. The other issues raised by Hunter presume that the trial court had jurisdiction to order enforcement of the alleged settlement agreement, and, as a consequence, are not now relevant.

For the above reasons, the orders of the trial court dated June 23, 1987, and November 17, 1987, which purported to "enforce" the dismissal order of July 10, 1986, and directed Hunter to pay Brigando $100,000 and waive its workers' compensation lien are both reversed.

Orders reversed.

MANNING, P.J., and O'CONNOR, J., concur.