JOHN W. THORNBERRY, Plaintiff-Appellant, *v.* THE BOARD OF EDUCATION OF THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

(No. 54150; 

First District—October 31, 1972.

Thomas G. King, of Chicago, for appellant.

Quintin B. San Hamel, of Pretzel, Stouffer, Nolan & Rooney, of Chicago, (Joseph B. Lederleitner, of counsel,) for appellees.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This was a suit to enforce the settlement of a personal injury claim. Appellant, John W. Thornberry, filed a three-count complaint against appellees, Board of Education of the City of Chicago, Consolidated Mutual Insurance Company and the law firm of Pretzel, Stouffer, Nolan & Rooney. In lieu of answer, appellees moved to dismiss the complaint on the ground that none of its counts stated a cause of action against any of the defendants and that the subject of the suit was *res judicata*. When the cause was heard, the trial court, after finding that the motion was "* * * based on a res judicata [sic] * * *," sustained it and dismissed the complaint.

■■ Appellant presents issues concerning the formation of an agreement to settle a personal injury claim and whether the subject of this suit is *res judicata*. Before reaching these issues, however, it is necessary that we determine whether the complaint stated a cause of action. Although this issue was not expressly decided by the trial court, it was raised by appellees' motion to dismiss and therefore may be urged for affirmance. See *Shaw v. Lorenz*, 42 Ill.2d 246, 248, 246 N.E.2d 285; compare *Sears v. First Federal Savings and Loan Assn. of Chicago*, 1 Ill.App.3d 621, 635, 25 N.E.2d 300.

The complaint consisted of three counts, the first against the Board of Education of the City of Chicago, the second against Consolidated Mutual Insurance Company, and the third against the law firm of Pretzel, Stouffer, Nolan and Rooney. In the first two counts it was alleged that the Board of Education and Consolidated Mutual, respectively, through their duly authorized agent, Pretzel, Stouffer, Nolan and Rooney, offered appellant $2500 in complete settlement of a personal injury claim, the offer being made and accepted in open court. Count II against Consolidated Mutual alleged that the offer and acceptance in open court formed a contract. Count III against Pretzel, Stouffer, Nolan and Rooney alleged that the law firm offered appellant $2500 in settlement of "a disputed personal injury claim." The last paragraph of each count alleged that demand was made but defendants failed or neglected to pay.

■■■ To state a cause of action for enforcement of a compromise and settlement, the pleading must not only allege facts which show what was offered and accepted in compromise, it must also contain allegations which show that the agreement was supported by good consideration. (15 Am.Jur.2d Compromise and Settlement, § 41.) To state such a cause of action, the pleading must allege (1) liability of the defendant; (2) agreement concerning the amount to be paid; and (3) acceptance of the agreement in settlement of the original dispute. (See *Gunn v. Fryberger* (1918), 71 Okla. 170, 176 P. 248.) If an agreement to compromise

and settle involves acts to be performed by the plaintiff, the pleading must allege performance of those acts or facts which show excuse of performance before there can be recovery against the other party. (*Feder v. Midland Casualty Co.*, 316 Ill. 552, 147 N.E. 468.) Personal injury claims are frequently orally compromised and settled prior to trial. It is generally known in the legal profession that the compromise is not considered final or concluded until either a judgment has been entered, the case disposed or releases have been signed. (See *Vece v. De Biase*, 46 Ill.App.2d 248, 252, 197 N.E.2d 79.) Therefore, in a complaint to enforce the compromise and settlement of a personal injury claim, facts must be alleged which show liability to the claimant, agreement to pay an amount, acceptance of the agreement in settlement of the claim and that the agreement was concluded by disposition of the cause through entry of judgment or the claimant's execution of or willingness to execute releases.

■■■ If, as in Count II, the suit to enforce a compromise and settlement is against an insurer, other allegations are required. In Illinois, insurance policies are written for the benefit of the insured and those persons who have claims against him. (*Schloegl v. Nardi*, 92 Ill.App.2d 302, 234 N.E.2d 558.) Although members of the public, as injured persons, may be third-party beneficiaries and be classified as the real party in interest to a liability insurance contract, this fact does not afford the insured person any right greater than those which actually result from the policy itself. (*Government Employees Insurance Co. v. Dennis*, 90 Ill.App.2d 356, 361, 232 N.E.2d 750.) Therefore, a complaint against an insurer to enforce the compromise and settlement of a claim on behalf of its insured must contain allegations which show existence of a policy, matured liability of the insurer to its insured and liability to the plaintiff. See *Maringer v. Bankers' Indemnity Insurance Co.*, 288 Ill.App. 335, 6 N.E.2d 307; Appleman, Insurance Law and Practice § 4851.

■■ If, as in Count III, a suit seeks to impose personal liability on a lawyer who acted on behalf of a client, the complaint must allege facts which establish one of the recognized grounds for lawyer liability. (See *Celano v. Frederick*, 54 Ill.App.2d 393, 203 N.E.2d 774; *Zamouski v. Gerrard*, 1 Ill.App.3d 890, 275 N.E.2d 429.) To establish personal liability against a lawyer on a contract he made for his client, facts must be alleged showing that his agency was not disclosed and that he pledged personal responsibility. See *Petrando v. Barry*, 4 Ill.App.2d 319, 322, 124 N.E.2d 85; *International Service Corp. of New York v. Ooms*, 105 Ill.App. 2d 391, 245 N.E.2d 571; Mechem, Outline of the Law of Agency, §§ 612, 622 (3d ed. 1923).

■■ These are the allegations necessary for a cause of action to enforce

the compromise and settlement of a personal injury claim and a suit against an attorney offering the compromise. None of the counts of appellant's complaint contain the essential allegations. Therefore, the order sustaining appellees' motion to dismiss was correct. Having so concluded, we need not decide whether there was a contract of compromise and settlement and whether the subject of appellant's suit was *res judicata*. The judgment is affirmed.

Judgment affirmed.

SCHWARTZ and GOLDBERG, JJ., concur.