ROBERT C. FISHBURN, Plaintiff-Appellant, v. HELEN BARKER *et al.*, Defendants-Appellees.

Third District   No. 3—87—0230

Opinion filed January 20, 1988.

Gary L. Cline, of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Springfield, for appellant.

James J. Elson, of James J. Elson, Chartered, of Canton, for appellee Helen Barker.

Joseph V. Toohill, Jr., of Farmington, for appellee Ronald Graves.

Duncan B. Cooper III, and Craig Young, both of Heyl, Royster, Voelker & Allen, of Peoria, for appellee International Electric Company of Dynacharge.

JUSTICE HEIPLE delivered the opinion of the court:

The plaintiff-appellant, Robert Fishburn, appeals from the dismissal of his personal injury suit against the defendants-appellees Helen Barker, Ronald Graves, and International Electric Company of Dynacharge. We affirm.

In response to the plaintiff's personal injury complaint, the defendants asserted the affirmative defense that the parties had settled the cause. The court ordered a bifurcated trial, the first phase to consider the affirmative defense of settlement. Following trial of the affirmative defense, the court dismissed the suit based on the jury's

finding ·that with the plaintiff's authority, the plaintiff's prior attorney had agreed to settle the cause for $6,000. The plaintiff brought the instant appeal from denial of his post-trial motion for vacation of the dismissal.

On appeal the plaintiff argues primarily that any oral settlement here is not enforceable. According to the plaintiff, even assuming *arguendo* the correctness of the jury's findings that the plaintiff's former attorney agreed to the settlement and that the attorney had authority to so agree, dismissal based on the settlement was improper, as no judgment incorporating a settlement agreement was entered, no release was executed, and the plaintiff is not willing to execute a release.

The plaintiff acknowledges that in *Zamouski v. Gerrard* (1971), 1 Ill. App. 3d 890, 275 N.E.2d 459, the Second District of the Appellate Court ruled that an oral agreement to settle a tort action was enforceable. However, he argues that under *Thornberry v. Board of Education* (1972), 8 Ill. App. 3d 351, 290 N.E.2d 360, we should find no enforceable settlement and then reinstate the complaint. He focuses on the instant facts that he was never happy with the settlement offer, that he eventually fired the attorney who he says pressured him to accept the offer, and that the former attorney testified against him to establish the settlement.

■ The defendants acknowledge that oral settlement agreements may present difficulties, proof difficulties for example. Relying primarily upon *Zamouski*, however, they argue that as the law favors settlement, a settlement agreement entered by an attorney with authority on behalf of his client, should be enforceable even without a signed release. We agree with the defendants.

As the *Zamouski* court noted, the settlement of disputed claims is to be encouraged. (*Zamouski*, 1 Ill. App. 3d 890, 275 N.E.2d 459.) We agree with the *Zamouski* court's reasoning that while there may be special problems with proving a binding oral settlement of a tort case, given such proof and absent an issue of mistake or fraud, such a settlement should be enforceable. (See also *Sheffield Poly-Glaz, Inc. v. Humboldt Glass Co.* (1976), 42 Ill. App. 3d 865, 356 N.E.2d 837.) We find that when properly proved, such an agreement should not be unenforceable merely because there is no judgment incorporating the settlement, no signed release, and no expression of the plaintiff's willingness to sign a release. To the extent that *Thornberry* holds otherwise, we decline to follow it.

■ The jury found an authorized oral settlement of the instant suit. The plaintiff advances no substantive reason, except that the set-

tlement is unenforceable because it was oral and not properly memorialized, why there was an insufficient basis to dismiss the suit. As we have found, the court correctly determined that such oral settlements are enforceable. Given these facts, we reject the plaintiff's unsupported remaining suggestion of procedural error in the court's dismissal absent a pending dismissal motion. Dismissal of the previously settled suit was not reversible error.

Based on the foregoing, the judgment of the circuit court of Fulton County is affirmed.

Affirmed.

STOUDER and WOMBACHER, JJ., concur.