MAURA McALLISTER, Plaintiff-Appellant, v. PAUL E. HAYES, Defendant-Appellee.

Third District   No. 3—87—0299

Opinion filed January 27, 1988.

Edward J. Kuleck, Jr., of Ottawa, for appellant.

Hupp, Lanuti, Irion & Martin, P.C., of Ottawa (George C. Hupp, Jr., of counsel), for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:
Plaintiff appeals the trial court's denial of her motion to dismiss

and the granting of defendant's motion to enforce settlement.

On October 16, 1985, plaintiff sued defendant for personal injuries sustained as a result of an automobile accident in which plaintiff was struck from behind by defendant's vehicle.

On August 13, 1986, in attempting to resolve this case, defense counsel offered plaintiff's counsel $3,000 to settle the lawsuit. On September 3, 1986, plaintiff, after discussing the offer with her attorney, informed him she would accept it, subject to being reexamined by her doctor, and provided his diagnosis was consistent with his prior one. On the same day, plaintiff's counsel informed defendant's attorney that plaintiff accepted the offer. No mention was made of the conditional nature of the acceptance. However, on September 8, 1986, plaintiff's attorney advised defense counsel plaintiff was being reexamined by her doctor and would execute the release only if the diagnosis was consistent with his earlier one.

On December 23, 1986, plaintiff's counsel forwarded the later prognosis, which indicated a more serious injury had occurred, to defense counsel. Plaintiff thereupon demanded $9,000 in settlement.

On February 20, 1987, defendant filed a motion to enforce settlement. On April 13, 1987, the scheduled trial date, the trial court granted defendant's motion to enforce settlement and denied plaintiff's motion to dismiss defendant's motion to enforce settlement.

■ A trial court has the power, under certain circumstances, to summarily enforce a settlement agreement entered into by the parties while their suit is pending before it. (*Sheffield Poly-Glaz, Inc. v. Humboldt Glass Co.* (1976), 42 Ill. App. 3d 865, 356 N.E.2d 837.) Settlements are to be encouraged and given full force and effect. (*Zamouski v. Gerrard* (1971), 1 Ill. App. 3d 890, 275 N.E.2d 429.) Such agreements are recognized by the courts where they are based on sufficient consideration and the parties have met on equal terms. *Sheffield*, 42 Ill. App. 3d at 868.

■ Appellant contends the trial court erred in denying her motion to dismiss defendant's motion to enforce settlement. To state a cause of action to enforce a settlement, the pleading must allege liability of the defendant, the agreement concerning the amount to be paid, and acceptance of the agreement in settlement of the original dispute. (*Thornberry v. Board of Education* (1972), 8 Ill. App. 3d 351, 290 N.E.2d 360.) Settlements are binding so long as there is clearly an offer to compromise and acceptance and there is a meeting of the minds as to the terms of the agreement (*Sheffield Poly-Glaz, Inc. v. Humboldt Glass Co.* (1976), 42 Ill. App. 3d 865, 356 N.E.2d 837). Further, counsel must possess express consent or au-

thorization to compromise a claim or settle a case. (*Knisley v. City of Jacksonville* (1986), 147 Ill. App. 3d 116, 497 N.E.2d 883.) Counsel may bind his principal to a settlement agreement provided he is clothed with authority to so do. *Sheffield Poly-Glaz, Inc. v. Humboldt Glass Co.* (1976), 42 Ill. App. 3d 865, 356 N.E.2d 837.

■ We have recently considered this matter in the case of *Fishburn v. Barker* (1988), 165 Ill. App. 3d 229. In that case a jury determined that plaintiff's attorney had agreed to settle a cause of action, with the plaintiff's authority. This court held:

> "We agree with the *Zamouski* court's reasoning that while there may be special problems with proving a binding oral settlement of a tort case, given such proof and absent an issue of mistake or fraud, such a settlement should be enforceable." (*Fishburn*, 165 Ill. App. 3d at 230.)

This case is, however, distinguishable from *Fishburn* in that counsel's authority to settle was contingent upon the results of a further medical examination, and the plaintiff, by implication, reserved the right to reject or modify the settlement offer. Since plaintiff's counsel was not authorized to settle this case, we need not examine the other requirements of this cause of action to determine if they were satisfied.

In this case, counsel, without plaintiff's permission or authority to settle, accepted defendant's $3,000 offer to settle prior to obtaining her examination results. Five days elapsed between counsel's offer and notification of plaintiff's desire for a subsequent examination. Plaintiff's counsel at that time advised defendant's attorney that plaintiff would not execute the release and settle if the doctor's findings were not the same on the subsequent examination. The defendant was not prejudiced by his brief reliance on the first communication, especially since defendant waited over five months to file his motion to enforce settlement. Plaintiff increased her demand to $9,000 when the results of her examination indicated her injuries were more severe than first thought.

In the *Sheffield* and *Fishburn* cases, counsel was given the requisite authority to settle, and the court upheld the settlement. Similarly, where counsel was not so authorized and the parties did not knowingly agree to the terms of the settlement, the settlement was not enforced. (*McMillin v. Economics Laboratory, Inc.* (1984), 127 Ill. App. 3d 517, 468 N.E.2d 982.) This case resembles *McMillin* and the motion to enforce settlement should have been denied and is now vacated.

The trial court of La Salle County is reversed for the reasons

herein expressed and this cause remanded for further proceedings consistent with this opinion.

Reversed.

BARRY, P.J., and SCOTT, J., concur.