SHORES, Justice.
This is an appeal from a judgment entered in a case brought by A.D. Steele seeking to have property sold “publicly or privately in such a manner as to bring the highest possible price for said property and to divide the net proceeds of the sale among the parties.” The property consists of Lots 69 and 70 of Block 7, West Kens-ington, in Montgomery, Alabama, upon which are two run-down dwelling houses. At the time suit was filed, eleven individuals owned fractional interests in the lots. The complaint alleged that the property could not be equitably partitioned between the joint owners “unless the Court deems it appropriate to award Plaintiff Lot 69 in return for, among other consideration, ex-tinguishment of Plaintiff’s interest in Lot 70.”
Defendants Macella Bibb and T.R. Steele, each of whom owns a ⅜ interest in each lot, answered the complaint by denying that it would be appropriate to award plaintiff Lot 69 in return for an “extinguishment of plaintiff’s interest in Lot 70.” The defendants also requested that the court order the properties sold, either publicly or privately.
In an attempt to settle the case, A.D. Steele, T.R. Steele, and Macella Bibb entered into a joint stipulation and settlement agreement. The agreement was reduced to writing and signed by their respective attorneys. Under the terms of the agreement, A.D. Steele was to become the sole owner of Lot 69.[1] Within two weeks following the execution of the settlement agreement, the attorney representing T.R. Steele and Macella Bibb, advised the attorney for the plaintiff that he had misunderstood Mr. T.R. Steele and that he in fact did not have authority from his client to enter into the settlement stipulation. The plaintiff filed a motion to enforce the settlement agreement, but the trial court denied this motion and ordered the public sale of the property.
The lots were sold separately at public auction, and Macella Bibb purchased Lot 69 for $1560, and T.R. Steele purchased Lot 70 for $2000. Thereafter, the plaintiff filed an objection to the clerk’s report of sale on the ground that the purchase price was below market value. The plaintiff filed a second objection to the sale, and, in support of this objection, the plaintiff provided an affidavit showing the assessed values of the properties for ad valorem tax purposes to be greater than the sale prices. Additionally, the plaintiff renewed his motion to enforce the settlement agreement.
The plaintiff objected to the sale and renewed his motion to enforce the settlement agreement. Following a hearing, the trial court denied the plaintiff’s renewed motion to enforce the settlement agreement, denied confirmation of the clerk’s sale, and set the matter for a final hearing.
During the final hearing, there was evidence presented that established that the two lots were owned by J.R. Steele’s six children, or their descendants, and that the parcels could not be equitably partitioned. Mr. Robert Fain, a realtor in Montgomery who had actively bid on both parcels at the public sale, testified that in his opinion the prices received at the public sale did in fact represent the fair market value for each parcel and that the tax assessor’s estimates of value were too high and “out of line.” No testimony was offered to refute Mr. Fain’s opinion.
The plaintiff argued that the property could be equitably partitioned, and that ow-elty should be invoked. The trial court did not agree with this argument and entered its final judgment holding that the property could not be equitably partitioned, and confirmed the public sale.
The first issue the plaintiff/appellant argues on appeal is whether the trial court erred in refusing to enforce the settlement agreement. The resolution of this issue will depend on whether there was sufficient evidence to support the trial court’s factual determination that the defendants’ attorney did not have defendant T.R. Steele’s authority to enter into the *1336 settlement agreement. During the hearing, the attorney informed the court that T.R. Steele was approximately 76 years old and lived in Chicago, Illinois. The attorney thought that, during a telephone conversation, T.R. Steele had given him the authority to enter into the settlement agreement. Later, he learned that he had misunderstood his elderly client and that he did not have the authority to enter into the settlement agreement.
Following the attorney’s presentation to the court, the plaintiff’s attorney conceded that he did not question the testimony of the defendants’ attorney. Since that testimony was undisputed, the trial court did not abuse its discretion in refusing to enforce the settlement agreement on the ground that the defendants’ attorney did not have T.R. Steele’s authority to enter into the agreement.
The appellant next contends that the trial court abused its discretion by finding that the property could not be equitably partitioned. In his complaint, the plaintiff alleged that the property could not be equitably divided, unless he were awarded Lot 69. Again, the resolution of this issue depends upon the sufficiency of the evidence to support the trial court’s factual determination that the property could not be equitably partitioned. This case is governed by the ore tenus rule, and the judgment of the trial court will not be disturbed unless manifestly wrong or grossly unjust.
The plaintiff argued that owelty could be invoked in order to award Lot 69 to him. However, “there must first be a partition in kind” before owelty can be used. English v. Brantley, 361 So.2d 549 (Ala.1978). The record does not support the contention that the trial court abused its discretion in refusing to award Lot 69 to A.D. Steele, and Lot 70 to the other two joint owners.
Finally, A.D. Steele contends that the trial court deprived him of due process by confirming the clerk’s report of sale without giving him adequate notice and an opportunity to present evidence that the sale prices of the two lots were below the fair market value. On January 28, 1987, the trial court sustained the objections to the sale and gave notice that a final hearing would be set for February 20, 1987. This notice did not limit the matters to be presented at the final hearing.
During this hearing, the plaintiff’s attorney made no objection to the trial court’s receiving evidence as to the fair market value of the properties, nor did he attempt to obtain a continuance because of the alleged lack of notice. Further, after the final judgment was rendered, there was no post-judgment motion made regarding the lack of notice. Consequently, this issue is now being raised for the first time. The law is well settled that matters not objected to at trial may not be presented on appeal. Costarides v. Miller, 374 So.2d 1335 (Ala.1979). Additionally, the plaintiff’s attorney filed a post-hearing brief with the trial court, and therein conceded that “it appears to be undisputed that Lot 69 is worth $1500 and Lot 70 is worth $2000.”
Based on the foregoing, the appellant is precluded from asserting this argument for the first time on appeal; however, even if the alleged error had been properly preserved, there was sufficient evidence, in addition to the plaintiff’s admission, that the purchase price of each property was its fair market value.
After reviewing all of the evidence presented to the trial court, we are unable to find any abuse of discretion by the trial court. Therefore, the judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.

. Subsequent to the initiation of this suit, all joint owners, other than T.R. Steele and Macella Bibb, conveyed their interests in Lots 69 and 70 to A.D. Steele by quitclaim deed.