DINESH ANAND, Plaintiff-Appellant, v. DOROTHY MARPLE, Defendant-Appellee.

Third District   No. 3—87—0649

Opinion filed April 12, 1988.

Robert C. Bodach, of Rooks, Pitts & Poust, of Joliet (Pamela Davis, of counsel), for appellant.

Garrison, Fabrizio & Hanson, Ltd., of Joliet (Gerald R. Kinney, of counsel), for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The plaintiff, Dinesh Anand, brought this action for specific performance of a purported real estate sales contract he entered into with the defendant, Dorothy Marple. The defendant filed a motion to

dismiss, alleging that the parties made only an agreement to agree and that there was no meeting of the minds as to the terms and conditions of the sale. The trial court granted the motion and later denied the plaintiff's motion for rehearing. We affirm.

The disputed document, a sloppily completed, one-page form sale contract, includes printed paragraphs, blank spaces which were filled in with handwritten words, and additional handwritten sentences inserted above and below the signature lines. The document sets forth the plaintiff as the buyer, the defendant as the seller, and the property to be conveyed as the Dorothy Marple farm. No legal description appears in the purported contract. The document provides that the purchase price of $400,000 would be paid as follows: $10,000 earnest money; $70,000 at closing; and $320,000 by contract sale with that amount financed by the seller for 3½ years at 8% interest. A closing date, broker's commission, and holder of the earnest money are also provided in the document. Lines were drawn through the blank spaces in the paragraph which dealt with delivery of possession. Two handwritten sentences were inserted at the bottom of the document. The first states, "Both seller's and buyer's attorney's [sic] will complete terms and conditions of sale." The second handwritten sentence states, "This offer is subject to seller's (indecipherable word)." The defendant claims that the last word in the sentence is "attorney." The plaintiff claims the word is illegible, but is definitely not "attorney."

The plaintiff signed the document as the buyer. Appearing after his signature is "1—19—87 at 10:25 A.M. (offer)." The defendant signed the document as the seller on January 22 and checked a box indicating she made a counteroffer at that time. Below these signature lines is the following handwritten statement, "Buyer countered 1—23—87 at 7:20 PM." The plaintiff's initials follow this statement.

In a letter dated March 17, 1987, the defendant's attorney informed the plaintiff's attorney that he was confirming their conversation of March 14 in which he, as the defendant's attorney, indicated that the contract of January 19, which contained a seller's attorney approval clause, was disapproved and rejected. The letter further provided that the terms and conditions discussed by the attorneys on March 14 were unacceptable to the defendant and she was not interested in further negotiations.

In a March 23, 1987, letter to the defendant's attorney, the plaintiff's attorney indicated that his clients were anxious to complete the sale. In the letter, he also stated that a review of his notes from their March 14 meeting indicated that his clients were willing to waive contingencies for subdivision approval, accept a farm lease extending

through March 1988, allow the defendant to remain in a farmhouse for one year, and additionally agreed to pay $50,000 two years after closing. The plaintiff's attorney also stated that since the March 14 meeting, his clients agreed to other concessions.

The sale was not completed and the plaintiff filed his complaint for specific performance of the purported contract. The defendant filed a motion to dismiss, arguing that the two handwritten sentences in the contract provided for contingencies which did not occur and thus prevented completion of the contract. Specifically, she maintained that the contract would not be valid or enforceable until her attorney and the buyer's attorney completed the terms and conditions of sale. Additionally, the defendant asserted that the illegible word in the second handwritten sentence was "attorney," and that the sentence was an attorney approval clause. The trial court dismissed the complaint pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619). The plaintiff's motion to reconsider was denied and this appeal followed.

■ In determining the propriety of the trial court's action, our inquiry must be limited to accepting all well-pleaded facts and reasonable inferences therefrom and determining whether the plaintiff has stated a cause of action. The order granting the motion to dismiss may only be sustained if the pleadings disclose that no set of facts which could be proved would entitle the plaintiff to relief. *Moreno v. Joe Perillo Pontiac, Inc.* (1983), 112 Ill. App. 3d 670.

■ The basic issue presented by this appeal is whether the disputed document is a valid, enforceable contract or merely preliminary negotiation, and this depends on the intent of the parties. The determination of the intent of the parties may be a question of law or fact, depending on the language set forth in the document. If the language in the document is unambiguous, construction of the alleged contract is a question of law. *Interway, Inc. v. Alagna* (1980), 85 Ill. App. 3d 1094.

■ We note that the defendant signed the document on January 22 when she presented her counteroffer, but she did not sign it again after the plaintiff countered on January 23. It is elementary that for a contract to exist there must be an offer and acceptance, and the acceptance must comply strictly with the terms of the offer. A conditional acceptance or one which introduces new terms that vary from those offered constitutes a rejection of the original offer and becomes a counterproposal which must be accepted by the original offeror before a valid contract is formed. (*Loeb v. Gray* (1985), 131 Ill. App. 3d 793, 799-800.) In this case, there was an original offer and two

counteroffers, but there is no indication of mutual assent to any or all of the terms contained in the document.

Additionally, one of the handwritten sentences provides that the offer is "subject to seller's _____." The defendant argues that the illegible word is attorney and that this is an attorney approval clause. After carefully examining the last word in this sentence from the copy of the document attached to the complaint, we are unable to discern what the word is. Nonetheless, we find that the parties' use of the "subject to" language in the document unambiguously indicates that the document was subject to some unknown, illegible, and indecipherable condition subsequent. Considering the document as a whole, we conclude that the document represented merely evidence of preliminary negotiations and fell short of a binding or enforceable contract. This determination is confirmed by the correspondence between the parties' attorneys, which was attached to the motion to dismiss and not disputed by the plaintiff, and delineates later negotiations and concessions the plaintiff was willing to make. Accordingly, the judgment of the circuit court of Will County is affirmed.

Affirmed.

STOUDER, P.J., and WOMBACHER, J., concur.