**John C. FENDER, Plaintiff,**

**v.**

**WAL-MART CORPORATION, Defendant.**

**No. 03-CV-0791 EA(J).**

United States District Court, N.D. Oklahoma.

Oct. 21, 2004.

[redacted]

Jack Dan Crews, Tulsa, OK, for John C. Fender, plaintiff.

Mark T. Steele, Samantha Weyrauch, Latham Stall Wagner Steele & Lehman PC, Tulsa, OK, for Wal–Mart Corporation, a Foreign Corporation, defendant.

## ORDER

EAGAN, District Judge.

This matter comes before the Court on the Report and Recommendation (Dkt. # 31) of the United States Magistrate Judge with respect to the Motion to Enforce Settlement (Dkt.# 17) filed by plaintiff John C. Fender. After careful review of the motion and briefs, as well as hearing oral argument on the motion, Magistrate Judge Sam A. Joyner recommended that the Court deny the motion. Plaintiff filed a timely objection pursuant to 28 U.S.C. § 636(b) and Fed.R.Civ.P. 72(b). Accordingly, the Court has conducted a *de novo* review.

As set forth in the Report and Recommendation, this is a slip-and-fall case which the parties attempted to settle both before and after plaintiff filed suit. Defendant's local counsel mistakenly offered more than he was authorized by his client to offer, and plaintiff accepted. Since defendant's counsel exceeded his settlement authority, no enforceable settlement agreement was formed. *See Humphreys v. Chrysler Motors Corp.*, 184 W.Va. 30, 399 S.E.2d 60, 62 (1990) ("there was no meeting of the minds because [plaintiffs] did not approve of the compromise made by their lawyer without their authority."); *see also Hayes v. Eagle–Picher Industries, Inc.*, 513 F.2d 892, 893 (10th Cir.1975)("It is fundamental that an attorney does not by reason of his employment have authority to compromise his client's cause of action absent an emergency requiring prompt action."); *Keel v. Miller*, 323 P.2d 986, 988 (Okla.1958) ("at-

torney is without authority to compromise his client's claim without authorization of his client . . . ."). Thus, the law permitting a court to set aside a contract due to mutual mistake is inapplicable. *See Percival Constr. Co. v. Miller & Miller Auctioneers*, 532 F.2d 166, 172 (10th Cir.1976); *Reid v. Graybeal*, 437 F.Supp. 24, 28 (W.D.Okla.1977); *Vela v. Hope Lumber & Supply Co.*, 966 P.2d 1196, 1198 (Okla.Civ. App.1998).

Accordingly, the Court finds that the Report and Recommendation (Dkt.# 31) should be and hereby is **ADOPTED**, the Objections (Dkt.# 32) **OVERRULED**, and the Motion to Enforce Settlement (Dkt.# 17) **DENIED**.

## REPORT AND RECOMMENDATION

JOYNER, United States Magistrate Judge.

Presently before the Court is the motion by Plaintiff Fender to enforce the settlement agreement of the parties. [Docket No. 17–1]. The Court has reviewed the briefs of the parties, read the cases relied upon by the parties, and considered the arguments of counsel. The Court recommends that the District Court DENY the motion to enforce settlement. [Docket No. 17–1].

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was shopping in Wal–Mart in May 2002 when he slipped and fell. Plaintiff injured his knee and subsequently had surgery.

Plaintiff's attorney forwarded Plaintiff's medical bills to Wal–Mart's claims administrators, a subsidiary corporation named Claims Management, Inc. Anita Reed, with Claims Management, Inc., was assigned to Plaintiff's claim, and Plaintiff corresponded regularly with her.

Beginning in February 2003, Plaintiff wrote to Ms. Reed, indicating his interest

in a settlement. Although settlement discussions continued, the parties did not settle, and in November 2003 Plaintiff filed this lawsuit against Plaintiff claiming Wal–Mart was negligent. Wal–Mart assigned the pending action to an in-house attorney, Julie Gibbens, and hired Mark Steele to represent them in the action.

In the summer of 2004 the parties agreed to pursue settlement discussions with a private mediator in Tulsa, Oklahoma. During the private mediation, Mr. Steele served as the only representative for Wal–Mart. Wal–Mart's in-house counsel, Julie Gibbens, corresponded with Mr. Steele, in writing, with respect to settlement authority.

All parties agree that the lawsuit did not settle during the private mediation. On August 2, 2004, during a telephone conversation between Mr. Steele and Plaintiff's attorney, Mr. Steele offered $150,000 to Plaintiff. Plaintiff's counsel stated that he would speak with his client. On August 3, 2004, Plaintiff's counsel left a message on Mr. Steele's telephone system, accepting the $150,000. At oral argument Plaintiff's counsel stated that persuading his client to accept $150,000 required a substantial amount of work.

Mr. Steele stated that he was not at his office when Plaintiff's attorney called, but that he returned the phone call from Plaintiff's attorney within one and one-half hours. Mr. Steele apologized to Plaintiff's attorney for a "mistake," and explained to Plaintiff's attorney that the maximum settlement authority that Wal–Mart had given Mr. Steele was $125,000. Mr. Steele informed Plaintiff's attorney that Defendant would settle for $125,000. Absent settlement, Mr. Steele stated that Defendant would file an offer to confess in the amount of $125,000. Plaintiff does not challenge Defendant's assertion that the settlement authority was limited to $125,000, and is willing to stipulate to that fact.

At the hearing before the Court, Mr. Steele stated that he made a mistake. He recalls that he suggested a settlement amount to his client of $150,000, but that Defendant agreed only to $125,000. Mr. Steele stated that as soon as he realized that a mistake had been made, he called Plaintiff's attorney.

## II. NO ENFORCEABLE SETTLEMENT AGREEMENT EXISTS BETWEEN THE PARTIES

Plaintiff asserts that a valid enforceable oral settlement agreement exists between the parties. Plaintiff contends that the settlement agreement can be voided only for duress, fraud, or mutual mistake of fact. Plaintiff notes that none of those situations exist in this case, and Plaintiff requests that the Court enforce the settlement agreement.

Defendant maintains that no settlement agreement was entered between the parties. Defendant asserts that the extent of Defendant's attorney's settlement authority was $125,000. Defendant contends that because Defendant's attorney exceeded his settlement authority in making the offer of $150,000, the subsequent acceptance by Plaintiff is not binding on the Defendant because Defendant's attorney exceeded his authority.

 Each of the cases relied upon by Plaintiff addresses a parties' efforts to set aside a contract. "Oklahoma law recognizes that an agreement to settle a claim constitutes a contract between the parties which should not be set aside absent fraud, duress, undue influence, or mistake." *Vela v. Hope Lumber & Supply Co.*, 966 P.2d 1196, 1198 (Okla.Civ.App.1998). *See also Coulter v. Carewell Corp. of Okla.*, 21 P.3d 1078 (Okla.Civ.App.2001).

The parties acknowledge that the $150,000 offer by Defendant's attorney was

made by mistake. Plaintiff notes, however, that although Defendant made a mistake, the mistake is a "unilateral mistake" by Defendant and that the only type of mistake which can successfully void an enforceable contract is based upon the mutual mistake of the parties. *See Percival Const. Co. v. Miller & Miller Auctioneers*, 532 F.2d 166, 172 (10th Cir.1975) ("Oklahoma law is clear that when the minds of contracting parties fail to meet because of a mutual mistake which goes to the essence of the agreement, there is no consent and the contract is unenforceable."); *Reid v. Graybeal*, 437 F.Supp. 24 (W.D.Okla.1977). Plaintiff contends that the type of mistake made by Defendant's attorney is a unilateral mistake and cannot void the settlement agreement.

Defendant asserts that Plaintiff's entire argument is premised on the existence of a valid and enforceable settlement agreement. Defendant contends that because Defendant's attorney lacked settlement authority on behalf of Defendant in the amount that Defendant's attorney offered to Plaintiff, that the agreement never came into existence and no contract was ever formed. The Court agrees.

In *Humphreys v. Chrysler Motors Corp.*, 184 W.Va. 30, 399 S.E.2d 60 (1990), the appellate court considered an appeal of a dismissal by the trial court based on the settlement of the parties. The attorney had acted on behalf of the plaintiffs in settlement, and had been given authority to settle for a certain amount. When the initial settlement did not occur, plaintiffs informed their attorney that they no longer wanted to settle. Unknown to plaintiffs, the plaintiffs' attorney continued to negotiate a settlement. The attorney testified that although he knew he lacked his clients' authority he believed he could persuade them to accept the settlement. The defendant filed a motion to dismiss based on the settlement, and the action was dismissed. The plaintiffs appealed contending that their attorney had not been given authority to settle the action. The court concluded that the plaintiffs could set aside the judgment that was based on the settlement by their attorney that they did not approve. "The relationship of attorney and client does not imply that a power has been given to the attorney to compromise and settle a claim." *Id.* at 62. Numerous cases support Defendant's position that a lawyer may not bind his client to a settlement that the lawyer does not have authority to enter. *See e.g. A.D. Steele, Sr. v. Bibb et al.*, 519 So.2d 1334, 1336 (Ala. 1988) ("[T]he trial court did not abuse its discretion in refusing to enforce the settlement agreement on the ground that the defendants' attorney did not have T.R. Steele's authority to enter into the agreement."); *McAllister v. Hayes*, 165 Ill. App.3d 426, 116 Ill.Dec. 481, 519 N.E.2d 71, 72 (1988) ("Further, counsel must possess express consent or authorization to compromise a claim or settle a case."); *Vantage Broadcasting Co. v. WINT Radio, Inc.*, 476 So.2d 796 (Fla. 1st DCA 1985); *Kinkaid v. Cessna*, 49 Md.App. 18, 430 A.2d 88 (1981).

Plaintiff generally relies only upon cases discussing mutual mistake. However, if the parties never entered a contract, no need exists to avoid the contract by mutual mistake. Plaintiff additionally suggests that the Defendant's attorney, although lacking express authority, had implied authority to make the settlement offer and therefore Defendant is bound by the actions of Defendant's attorney/agent. Plaintiff does not fully develop this argument or provide case law support.

As noted in the cases discussed above, several courts in different jurisdictions have concluded that absent express authority, an attorney cannot enter into a settlement and thereby compromise the

rights of his client. The parties all agree that in this case Defendant's attorney lacked express authority. Several Oklahoma cases have noted the necessity of the client's authorization to the attorney and consent to a settlement. *See e.g. Keel v. Miller,* 323 P.2d 986 (Okla.1958) ("It is true that we have held that an attorney is without authority to compromise his client's claim without authorization of his client, and that this is an irregularity justifying vacating a judgment....."); *Nat'l Valve & Mfg. Co. v. Wright,* 205 Okla. 571, 240 P.2d 766 (1951) ("We have heretofore held that an attorney at law is without authority to compromise an action pending without being specifically authorized by his client to do so."). The Court is also persuaded that this is the correct result in this case. Enforcing a contrary rule would require that a client be forced to abide by the terms of an agreement that was entered into by his attorney although the client had not consented to the settlement.

The Court recommends that the District Court DENY the motion to enforce the settlement agreement.

## III. OBJECTIONS

In accordance with 28 U.S.C. § 636(b) and Fed.R.Civ.P. 72(b), a party may file specific written objections to this Report and Recommendation. Objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma within 10 days of being served with a copy of this Report and Recommendation. *See* Fed.R.Civ.P. 6 (as to computation of time periods). If specific written objections are timely filed, the district judge assigned to this case will

> make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recom-

mended decision, receive further evidence or recommit the matter to the magistrate judge with instructions.

Fed.R.Civ.P. 72(b). *See also* 28 U.S.C. § 636(b)(1).

The Court of Appeals for the Tenth Circuit has adopted a "firm waiver rule" in connection with appeals from orders adopting a Magistrate Judge's report and recommendation. "[T]he failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property,* 73 F.3d 1057, 1059 (10th Cir.1996) (quoting *Moore v. United States,* 950 F.2d 656, 659 (10th Cir.1991)). Thus, a timely, specific and written objection is necessary to preserve an issue for *de novo* review by the assigned district judge and for appellate review by the court of appeals. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Haney v. Addison,* 175 F.3d 1217 (10th Cir. 1999); and *Talley v. Hesse,* 91 F.3d 1411 (10th Cir.1996).