**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 7, 2006[*]
Decided December 8, 2006

**Before**

Hon. THOMAS E. FAIRCHILD, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-1096

| | |
|---|---|
| ALLISAH M. LOVE, | Appeal from the United States |
|   *Plaintiff-Appellant*, | District Court for the Northern |
| | District of Illinois, Eastern Division |
|   *v.* | |
| ILLINOIS BELL and INTERNATIONAL | No. 03-C-4615 |
| BROTHERHOOD OF ELECTRICAL | |
| WORKERS, LOCAL 21 | Matthew F. Kennelly, |
|   *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Allisah Love appeals the district court's decision to enforce a settlement agreement that resolved her suit, arguing that it was invalid because it was not in writing and because a material term was left unresolved. We affirm.

After being laid off in December 2002, Love filed pro se a suit against her former employer, Illinois Bell, under 29 U.S.C. § 185 for breach of a collective bargaining agreement, and against her union, the International Brotherhood of

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Electrical Workers (IBEW), for breach of its duty of fair representation. Love's court-appointed counsel and defense counsel participated in three settlement conferences with the district court judge. During the negotiations, the judge relayed proposals back and forth between the parties. At one point, Love told the judge that she wanted the defendants to pay any settlement money directly to her college, the Illinois Institute of Technology (IIT), to defray her tuition expenses. The judge did not relay this request to the defendants' counsel.

Nonetheless, on September 7th, at a settlement conference attended by Love and her counsel, the parties reached an oral agreement. The judge announced to the parties, "We have settled the case." He then described the terms to the parties: the defendants would pay Love $7500, and Love would dismiss the suit, sign a general release, keep the settlement terms confidential, and she would not reapply for a job with Illinois Bell. None of the parties objected to the terms, conditioned the settlement upon a written agreement, or required that payment be made to IIT.

The defendants reduced the oral agreement to writing, but Love refused to sign it because she wanted the $7500 paid to IIT. At a telephone conference a few days later, plaintiff's counsel reported that Love wished to withdraw from the settlement agreement entirely.

The defendants then moved to enforce the oral agreement, and the district court granted the motion. Love appeals, arguing that the agreement should not be enforced because Love did not consider it final until it was in writing and signed by all parties. She also argues that there was never a meeting of the minds because the oral agreement did not contain the "material term" that payment would be made to IIT.

We review for abuse of discretion the enforcement of the settlement agreement. *Sims-Madison v. Inland Paperboard and Packaging, Inc.*, 379 F.3d 445, 448 (7th Cir. 2004). Illinois state law provides the rules of decision in this case, *see Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 490 (7th Cir. 2002), and under that law oral agreements are enforceable. *See id.*; *Kim v. Alvey, Inc.*, 749 N.E.2d 368, 378 (Ill. App. Ct. 2001). As with any contract, there must be offer, acceptance, and a meeting of the minds. *Kim*, 749 N.E.2d at 378.

Although Love concedes that she orally agreed to settle on September 7th, she argues that the agreement is invalid because she believed she was not bound to it until it was in writing and signed. But an oral agreement to settle is enforceable—even if the parties expect to later reduce it to writing—unless a party conditions its acceptance on the execution of a written agreement. *See Lampe v. O'Toole*, 685 N.E.2d 423, 425 (Ill. Ct. App. 1997). Love did not insist on that sort of condition.

Love next argues that there was no meeting of the minds because the agreement did not specify that payment would be made to IIT. We look to the parties' objective conduct—and not their subjective beliefs—to determine whether there was a meeting of the minds. *See, e.g.*, *Paxton-Buckley-Loda Educ. Ass'n, IEA-NEA v. Illinois Educational Labor Relations Bd.*, 710 N.E.2d 538, 544 (Ill. Ct. App. 1999). The district court reported—and Love does not dispute—that at the close of the settlement conference, the district court reviewed the terms of the agreement with all parties. Payment to IIT was never mentioned, and Love did not object to the absence of this term, though she could have easily done so if she considered it material. Love's objective conduct indicated her acquiescence to the agreement that the district court described. Even now, Love does not explain how that payment term could be "material" to her. She does not tell us how she would benefit if payment were made to IIT rather than to her directly, or why she will be harmed if the settlement is enforced as is. We are unable to supply any such reason, thus we conclude that the term is not material.

Love cites only one case in her brief, *Higbee v. Sentry Ins. Co.*, 253 F.3d 994 (7th Cir. 2001). In *Higbee*, we overturned enforcement of a settlement agreement because whether the plaintiff assented to the agreement was questionable and because several material terms were left open. *Id.* at 997, 999. Here, as we have noted, the single disputed term was not material and Love concedes that she assented to the agreement. We also noted in *Higbee* that "a lack of agreement on minor, immaterial terms, and a party's subjective and unarticulated belief that she would not be bound by an oral agreement, do not preclude a finding that a contract has been formed." *Id.* at 997. Such is the situation before us, and we therefore AFFIRM the district court's order enforcing the settlement, which includes the payment of $7500 to Love.